UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ENI US OPERATING CO. INC., § | |
| *Plaintiff* § | |
| § | CIVIL ACTION NO. _____ |
| V. § | |
| § | |
| TRANSOCEAN OFFSHORE § | ADMIRALTY |
| DEEPWATER DRILLING, INC., § | |
| *Defendant* § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff Eni US Operating Co. Inc. ("Eni") and files this Complaint against Defendant Transocean Offshore Deepwater Drilling, Inc. ("Transocean").

## PRELIMINARY STATEMENT

1.

This action is brought under a drilling contract wherein Transocean agreed to provide a drilling vessel along with the necessary personnel and expertise needed to conduct drilling operations for Eni in the Gulf of Mexico. Though Transocean had contractually agreed to provide a drilling vessel in good working condition, the drilling vessel provided falls short of that standard. Vessel downtime has exceeded industry and acceptable standards, and despite numerous detailed requests by Eni, Transocean has failed to resolve the vessel's operational problems. Transocean misrepresented the vessel's fitness and the efficacy of Transocean's maintenance programs, breached its contractual warranties and covenants, and remains incapable of curing its breaches.  Eni seeks in this action relief for Transocean's breaches.

## PARTIES

2.

Eni is a Delaware corporation with its principal place of business in Houston, Texas.

3.

Defendant Transocean is a Delaware corporation with its principal place of business in Houston, Texas and is the successor-in-interest to the contract that is the subject of this lawsuit. Transocean may be served with process and a copy of this document through its registered agent for service of process, Capitol Corporate Services, Inc., 800 Brazos Street, Suite 400, Austin, Texas  78701-2548.

## JURISDICTION AND VENUE

4.

This case arises under the Offshore Daywork Drilling Contract ("the Drilling Contract") dated July 2, 2008 under which Transocean furnished to Eni a drilling vessel, the *Deepwater Pathfinder*, together with drilling equipment, insurance and personnel, for the purpose of drilling or working over offshore wells in the United States Gulf of Mexico. The Drilling Contract's stated purpose was to secure for Eni the use of a maritime vessel for use in navigable waterways. The Drilling Contract is a maritime contract governed by federal maritime law.

5.

The Court has admiralty subject matter jurisdiction over this matter under the general maritime laws of the United States and 28 U.S.C. § 1333 because this matter involves claims relating to an agreement for the use of a vessel to perform offshore oil and gas drilling operations.  This action is within the admiralty jurisdiction of this Court and is an admiralty or

maritime claim as that term is defined by Rule 9(h) of the Federal Rules of Civil Procedure, and Eni hereby designates the claim as such.

6.

Venue is proper in this judicial district. Transocean is subject to personal jurisdiction in this district under 28 U.S.C. § 1391(b)(1). The Drilling Contract contains a forum selection clause exclusively choosing this forum for the judicial resolution of disputes.

## FACTUAL BACKGROUND

7.

Eni is a subsidiary of Eni S.p.A., an integrated energy company active in the exploration, development, production, transportation and marketing of oil and gas, as well as engineering, construction and power generation. Eni S.p.A. operates in 79 countries worldwide. Plaintiff Eni holds lease interests in the United States Gulf of Mexico and the Alaska North Slope.

8.

Defendant Transocean is the world's largest offshore drilling contractor. Transocean owns and leases mobile offshore drilling units like the *Deepwater Pathfinder,* a vessel capable of drilling in water depths of 10,000 feet.

9.

In June 2008, Eni sought bids for leasing a floating drilling vessel for Eni's drilling, completion, and workover operations in the Gulf of Mexico.

10.

In response to Eni's bid request, Transocean submitted for leasing its floating drilling vessel, the *Deepwater Pathfinder*.  Transocean submitted the *Deepwater Pathfinder* at a daily operating rate of $650,000 per day.

11.

Eni and Transocean entered into the Drilling Contract respecting the *Deepwater Pathfinder* on July 2, 2008.

12.

The Drilling Contract was executed by Transocean Offshore Deepwater Holdings Limited.  In May 2010, the Drilling Contract was assigned to Transocean.

13.

Though the Drilling Contract was executed in July 2008, the commencement date of the Drilling Contract was not until April 22, 2010.

14.

The Drilling Contract's purpose was "to have offshore wells drilled or worked over in the Operating Area and to have performed or carried out all auxiliary operations and services as . . . Operator may reasonably require."  The "Operating Area" was defined as "the federal waters of the United States Gulf of Mexico . . . in which Operator is entitled to conduct drilling operations."

15.

The Drilling Contract provided for Transocean (as Contractor) to furnish to Eni (as Operator) the drilling vessel along with "related equipment and the personnel, expertise, insurance and supervision necessary to perform the drilling and/or work over desired by" Eni.

16.

Under the Drilling Contract, Transocean promised to maintain its well control equipment in good condition at all times and to perform its contractual obligations in compliance with good oilfield practice, Eni's specifications, and all applicable laws and regulations:

> Contractor shall maintain its well control equipment listed in Appendices B and D in good condition at all times. . . .
>
> Contractor represents that it will employ commercially reasonable efforts to perform all work and operations 1) in conformity with the requirements of the Contract and good oilfield practice, 2) in accordance with any specifications provided by Operator in writing and accepted in writing by Contractor, 3) subject to the provision of Paragraph 710 and 711, in compliance with all applicable local, state, and federal laws and regulations of any nation having jurisdiction over Contractor's operations.
>
> Contractor shall comply with all applicable federal, state or local governmental authority safety and environmental laws, rules, and regulations of any nation which are now or may become applicable to Contractor's operations covered by or arising out of the performance of this Contract, including without limitation those of the USGC and MMS . . . .

17.

On May 19, 2010, Transocean sent to Eni an Out of Service letter indicating that the *Deepwater Pathfinder* would require no more than 92 days of repairs and testing before it could be deployed. The *Deepwater Pathfinder* was sent to a facility in Mobile, Alabama for repairs and testing. These repairs and testing did not in fact last 92 days. They continued for 274 days.

18.

Even after this lengthy shipyard period, once the *Deepwater Pathfinder* was deployed it continued to require extensive maintenance and repair, preventing Eni from engaging in the operational activities for which Transocean contractually agreed to provide an industry and legally compliant drilling vessel.

19.

Throughout the time during which the *Deepwater Pathfinder* has worked under the Drilling Contract, it repeatedly has failed to operate in a manner consistent with or to conform to Transocean's contractual obligations. Several pieces of the rig's equipment necessary for operations either never have properly worked or repeatedly have failed to work after multiple attempts at repair, and critical equipment continues repeatedly to fail required tests. Thus, rather than performing the drilling, completion, and work over jobs that it was contracted to perform, the *Deepwater Pathfinder* has spent an unacceptable amount of time that it has been under contract to Eni unable to operate.

20.

Eni has informed Transocean of these failings and nonconformities, including in multiple letters to some of Transocean's highest ranking North American executives. Transocean has failed to resolve the drilling vessel's failings.

21.

The *Deepwater Pathfinder* falls short of what Transocean promised to provide in the Drilling Contract. Transocean did not provide to Eni a rig in conformity with industry and regulatory standards and has not maintained the rig's equipment in good condition. Unfortunately, Transocean has not remedied these breaches even though given substantial opportunity to do so. As a result, Eni has incurred significant expenses while the rig has been unable to operate as contractually promised. Though Eni had hoped to avoid litigation, given that Transocean has failed to both comply with its contractual promises and remedy its failures when given multiple opportunities, Eni seeks relief from the Court.

## **BREACH OF CONTRACT**

22.

Eni incorporates the allegations above.

23.

Eni has complied in all respects with its obligations under the Drilling Contract. The Drilling Contract requires Transocean to provide its services and its drilling vessel in conformity with the Drilling Contract's requirements. Transocean has failed to do so in a number of ways, including but not limited to:

a. Transocean has failed to maintain and repair all of its items, as required by the Drilling Contract;

b. Transocean has failed to perform all work and operations in conformity with the Drilling Contract;

c. Transocean has failed to perform all work and operations in conformity with good oilfield practice;

d. Transocean has failed to perform all work and operations in compliance with all applicable local, state, and federal laws and regulations;

e. Transocean has failed to comply with all applicable laws, rules and regulations;

f. Transocean has failed to maintain its well control equipment in good condition at all times.

Transocean contractually obligated itself to provide a drilling vessel in conformity with the Drilling Contract. It has failed to do so.

24.

As a result of Transocean's breach of its contractual obligations, Eni has suffered significant financial harm and direct economic loss, including, but not limited to, costs associated with the rig's extensive repair and maintenance periods, the difference in the value of the rig as promised and the value of the rig as delivered, and the difference in value between what Eni paid and the rig as provided.

## **BREACH OF WARRANTY**

25.

Eni incorporates the allegations above.

26.

Transocean both affirmed facts and made promises to Eni relating to the drilling vessel and its ability to conduct the operations desired by Eni as stated both in Eni's initial bid process, during the negotiation process, and in the Drilling Contract. Transocean's express warranties became part of the basis of the agreements and the Drilling Contract between Eni and Transocean. Because the drilling vessel's equipment has repeatedly failed and required significant downtime, Transocean breached this express warranty.

27.

Transocean is a merchant with respect to the drilling vessel it provided. The drilling vessel is not fit for the purposes for which it was intended to be used, namely drilling, completion, and workover operations. The vessel and its equipment fall short of industry standards. Thus, Transocean has breached the implied warranty of merchantability.

28.

At the time the Drilling Contract was entered into, Transocean knew the purpose for which Eni sought to lease the drilling vessel. Eni relied on Transocean's alleged expertise and judgment to furnish a rig suitable for conducting those operations. Transocean failed to provide such a rig. Thus, Transocean breached the implied warranty of fitness for a particular purpose.

29.

Transocean's various breaches of warranty have caused Eni damages, including but not limited to lost profits, decreased value in what it contracted for versus what it received, direct and indirect economic losses, and repair costs.

30.

Eni has satisfied all conditions precedent to filing this suit.

### ATTORNEY'S FEES

31.

Eni requests all reasonable attorney's fees and costs incurred in bringing this suit, as provided for in the Drilling Contract.

### CONCLUSION AND PRAYER

32.

The drilling vessel's continued failures and nonconformities are an ongoing breach of the Drilling Contract and the warranties made by Transocean under the Drilling Contract and at law. Thus, Eni requests that Transocean be served with citation and answer this Complaint. Eni seeks recovery of all contractual remedies to which it is entitled and all warranty remedies to which it

is entitled.  Eni also seeks, and is entitled to, its attorney's fees, expenses, and costs of Court in connection with obtaining this relief, and such other and further relief to which Eni may show itself justly entitled.

            Respectfully submitted,

            **JONES WALKER LLP**

By:  */s/ Lauren J. Harrison*
    **LAUREN J. HARRISON**
    *Attorney-in-charge*
    State Bar No. 24025840
    Fed. ID No. 30232
    1001 Fannin Street, Suite 2450
    Houston, Texas 77002
    Tel:  713-437-1800
    Fax:  713-437-1810
    Email: lharrison@joneswalker.com

**ATTORNEYS FOR PLAINTIFF
ENI US OPERATING CO. INC.**

OF COUNSEL:

**JONES WALKER LLP**

**KRYSTAL P. SCOTT**
State Bar No. 24056288
Fed. ID No. 860552
1001 Fannin Street, Suite 2450
Houston, Texas 77002
Tel:  713-437-1800
Fax:  713-437-1810
Email: kscott@joneswalker.com

SERVICE INSTRUCTIONS:
Service will be made on Defendant pursuant to the Provisions of Rule 4 of the Federal Rules of Civil Procedure.