United States District Court
Southern District of Texas
**ENTERED**
May 17, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ENI US OPERATING CO INC., | § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:13-CV-03354 |
| | § § | |
| TRANSOCEAN OFFSHORE DEEPWATER DRILLING INC, | § § § | |
| Defendant. | § § | |

## ORDER

Before the Court is Transocean Offshore Deepwater Drilling Inc.'s ("Transocean") Motion for and Declaration in Support of Attorney's Fees and Non-taxable costs (Doc. #127 & Doc. #130), Eni Operating Co. Inc.'s ("Eni") Response in Opposition (Doc. #134), and Transocean's Reply (Doc. #139). On January 19, 2018, the Court entered final judgment in this case. Transocean, the prevailing party, thereafter moved for attorney's fees and costs. On March 20, 2018, the Court heard oral argument on the Motion. After considering the parties' arguments, submissions, and applicable law the Court grants Transocean's attorney's fees and costs in the amounts specified by this Order.

**I.     Attorney's Fees**

The Contract between Eni and Transocean provided for "reasonable attorney's fees and costs" for the prevailing party in an action brought to enforce obligations under the Contract. Contract, Def. Ex. 1, at § 1302. Courts within the Fifth Circuit utilize the lodestar method to calculate an award of attorney's fees. *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 821 (5th Cir. 1996). The lodestar is calculated by multiplying the reasonable number of hours by the

attorneys' reasonable hourly rates. *Id.* There is a strong presumption that the lodestar calculation is reasonable, and it should be modified only in exceptional cases. *Watkins v. Fordice*, 7 F.3d 453, 458 (5th Cir. 1993) (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

Transocean seeks a lodestar fee of $8,137,332.[1] Doc. #127, Ex. 1-I; Doc. #130, Ex. 1 at 24–25. Transocean arrived at its lodestar fee by multiplying 14,859.10 hours worked by the hourly rates of eight attorneys (and three paralegals) with different hourly rates ranging from $360 to $800 (rates between $235 and $300 for paralegals). *Id.* In evaluating reasonable rates, courts consider the attorney's regular rates as well as the prevailing market rate, which is the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984). Rates ranging from $360 to $800 per hour are reasonable in comparison to the prevailing market rates in Houston, Texas, for comparable law firms and attorneys. Doc. #127, Ex. 1-C–E; Doc. #130, Ex. 1 at 20–21. Therefore, the Court finds that the hourly rates billed by Transocean's attorneys are reasonable. Based upon the evidence submitted, the Court also finds that the hours Transocean's attorneys expended throughout the duration of this litigation are reasonable. *See* Doc. #127, Ex. 1-I; Doc. #130, Ex. 1 at 12–18. Additionally, Eni acknowledges that it would have stipulated to an award of $8,137,332 as reasonable had Transocean not asked for a multiplier on top of the lodestar amount. Doc. #134 at 12.

In addition to the lodestar, Transocean asks the Court to apply a three times multiplier amounting to a total fee recovery of $24,411,996. Doc. #127 at 3. Transocean argues it is entitled

---

[1] Transocean has excluded $314,352.66 in fees that lead counsel wrote off during the litigation as an exercise of billing judgment. Transocean also excluded $92,637 in fees that were invoiced to Transocean that it is not seeking to claim as a part of the lodestar. Doc. #130. Ex.1 at 23–24.

to a multiplier because: 1) the degree of success that Transocean obtained; 2) the nature and complexity of the case; 3) the skill required to litigate the case; 4) mid-way through the dispute Transocean switched to a contingency fee; and 5) there was a delay between when work was done by Transocean's attorneys and the entry of a fee award. *Id.*

Though the lodestar is presumed to be the reasonable fee, the Court in its discretion may adjust the attorney's fees upward or downward under the factors set out in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974).[2] Four of the *Johnson* factors are presumably included in the lodestar calculation: the novelty and complexity of the issues, the special skill and experience of counsel, quality of representation, and the results obtained from the litigation. *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993). Although upward adjustments to the lodestar figure based on these factors are permissible, such modifications are proper only in certain rare and exceptional cases supported by specific evidence on the record and detailed findings. *Id.* The Court acknowledges this case was complex, and it required skilled attorneys to litigate it. However, these factors are already subsumed in the lodestar.

The Court also acknowledges that Transocean achieved a high degree of success by defeating the claims asserted by Eni and prevailing on all of its counterclaims. However, the contractual obligation of Eni to Transocean was to reimburse "reasonable attorney's fees." Contract, Def. Ex. 1, at § 1302. The lodestar is presumed to be the reasonable fee, and

---

[2] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services; (4) the preclusion of other potential employment by the attorney; (5) the customary fee charged for similar services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717–19.

"increasing the fee award based on the eighth *Johnson* factor (the amount involved and the results obtained) is only proper when the applicant shows that it is customary in the area for attorneys to charge an additional fee above their hourly rates for an exceptional result. . .". *In re Enron Corp.*, 586 F.Supp.2d 732, 757 (S.D. Tex. Sept. 8, 2008) (citing *Shipes*, 987 F.2d at 322). Transocean acknowledges that it could not point the Court to a similar case in the maritime contract context wherein a multiplier was awarded. Doc. #171 at 11:1–8.

Additionally, the Court recognizes that Transocean's fee agreement changed midway through the case, on February 25, 2016, to a contingency-style "Alternative Fee Arrangement." Doc. #127, Ex. 1-H. The Supreme Court has noted that the purpose of an enhancement to the lodestar for a contingency fee is to account for the "risk of loss in a particular case (and, therefore, the attorney's contingent risk)." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). Transocean's attorneys did not take this case on a pure contingency basis whereby they risked not being paid, nor was the "Alternative Fee Arrangement" for the duration of the representation. *See* Doc. #127, Ex. 1-H. Therefore, the Court does not find that the *Johnson* factor of "whether the fee is fixed or contingent" alone is compelling enough to apply a multiplier in this case.

Lastly, Transocean argues that a fee enhancement is justified because of a delay between when work was done in this case and the payment of attorney's fees. A delay enhancement is reserved for "extraordinary circumstances in which an attorney's performance involves exceptional delay in payment of fees." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 556 (2010). Under Transocean's agreements with its attorneys, payments of attorney's fees were made within thirty to sixty days after an invoice was sent to Transocean unless the amount of the invoice was disputed. *See* Doc. #127, Ex. 1-G at 5; Ex. 1-H at 2. There is no evidence before the

Court that Transocean did not pay the invoices billed by its attorneys during the litigation. Therefore, the Court does not find that there was an exceptional delay in payment of fees to Transocean's attorneys, and therefore, a delay enhancement is not appropriate in this case.

Because the factors upon which the Court would consider awarding a multiplier are already subsumed in the lodestar amount, Transocean has not met its burden to have the lodestar increased. The Court finds that the reasonable attorney's fees anticipated by the Contract to be reimbursed to Transocean by Eni is the lodestar amount of $8,137,332.

## II. Costs

In addition to attorney's fees, the Contract also allowed for the prevailing party to be awarded costs. Contract, Def. Ex. 1, at § 1302. The Contract language does not limit Transocean's recovery only to the taxable costs properly awarded by statue to the prevailing party in a lawsuit. 19 U.S.C. § 1920. If the Court were to limit the costs only to those awarded by statute, it would render meaningless this provision of the Contract for the prevailing party to be reimbursed its costs. Therefore, Transocean's $1,860,982.07 in non-taxable costs is recoverable under the Contract in addition to its $133,583.20 taxable costs awarded by statute.

## III. Conclusion

For the foregoing reasons, Transocean's Motion is GRANTED. Accordingly, the Court enters judgment as follows:

1. $8,137,332 in attorney's fees.

2. $1,860,982.07 in non-taxable costs

3. $113,583.20 in taxable costs.

Pursuant to the Court's Order, Eni shall pay Transocean its reasonable attorney's fees and its costs within 21 days of the entry of this Order. Furthermore, the Court reserves ruling on any

additional attorney's fees and costs should further activity before this Court require such an award or due to appeal of this matter.

It is so ORDERED.

____MAY 1 6 2018____  
Date

_____  
The Honorable Alfred H. Bennett  
United States District Judge